VIRGIL SCOTT v. STATE.

No. A-7614. Opinion Filed April 25, 1931.
(298 Pac. 626.)

H. W. Morgan, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county on a charge of selling intoxicating liquor and sentenced to pay a fine of $250 and to serve 90 days in the county jail.

The only evidence offered by the state in chief was the agreed statement of the county attorney as to the testimony of two absent witnesses who, if present, would testify that at the time charged defendant sold a half pint of whisky to one of them. It is:

"* * * That on the 24th day of February 1929, Coyt Feaster, with his brother, Elder Feaster, went to Bill Merits filling station in the town of Gracemont, Oklahoma, and saw Virgil Scott there and Elder Feaster told him he wanted to buy some whisky; that the said Virgil Scott reached into his pocket and produced a half-pint of whisky which he sold to Elder Feaster and Coyt Feaster

for which the said Elder Feaster paid him the sum of 75 cents."

Defendant, as a witness in his own behalf, denied that at the time charged or any other time he sold any whisky to the witness. On cross-examination he was examined at length as to other transactions with other persons, purely collateral, including questions as to statements made to him by other persons. These various suggestive and insinuating questions were answered in the negative. The state was then permitted to introduce witnesses to impeach defendant on these collateral matters. When a defendant takes the stand as a witness, he is subject to cross-examination the same as any other witness and may be discredited and impeached as any other witness. McNeill v. State, 18 Okla. Cr. 1, 192 Pac. 256; Queen v. State, 23 Okla. Cr. 147, 212 Pac. 1021; Whitlow v. State, 24 Okla. Cr. 307, 218 Pac. 162; Golding v. State, 44 Okla. Cr. 433, 281 Pac. 322. It is a general rule that one cross-examining a witness is concluded by the answers of the witness to questions on collateral matters. 1 Greenleaf, § 449; Payne v. State, 10 Okla. Cr. 314, 136 Pac. 201, 202; Willis v. State, 13 Okla. Cr. 700, 167 Pac. 333; State v. Haynes, 7 N. D. 70, 72 N. W. 923. These various questions amount to an attack on the character of defendant which had not been put in issue by him. This was error. Porter v. State, 8 Okla. Cr. 64, 126 Pac. 699; 3 Ency. of Ev. 12.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.