## BOB HALL v. STATE.

No. A-7894.   Opinion Filed May 23, 1931.
(299 Pac. 508.)

Paul D. Sullivan, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of six years.

Defendant complains of numerous errors, but to dispose of the case it will only be necessary to consider the tenth ground, which is: "For the reason that the trial court committed error in admitting incompetent, irrelevant and immaterial testimony offered and introduced on the part of the state, which was prejudicial to the rights

of the plaintiff in error and which was excepted to by the plaintiff in error at the time."

On cross-examination of the defendant, he was asked:

"Q. Did you ever tell him (Claude Bernard) that you had shot anybody, or shot at anybody? A. No, sir, I certainly did not.

"Q. Did you tell him that you got behind a tree and shot some fellows out in a boat on the water? A. No, sir.

"Q. Did you ever tell Levi Stewart that you had shot a man? A. I never told Levi Stewart anything that I did not want everybody in the world to know.

"Q. Do you know L. C. Smith? A. Yes, sir.

"Q. Did you ever tell him that you had killed some fellow while you was on the scout? A. No, sir, the only conversation that I remember ever having with Smith he said a fellow had him under a peace bond and he went to him and was trying to keep down trouble.

"Q. Did you tell him that you had killed a fellow? A. No, sir, I did not.

"Mr. Sullivan: Objected to as incompetent, irrelevant and immaterial, not tending to prove or disprove any issue in this case, and has no bearing upon the merits or demerits of the case in any way, shape, form or fashion.

"The Court: Overruled."

Thereafter the state called L. C. Smith as a rebuttal witness, and the following proceedings were had:

"Q. Do you know Bob Hall? A. Yes, sir.

"Q. I will ask you if you had a conversation with him at the time you had some trouble with the fellow here in which he told you that he had shot and killed a fellow; just answer that question, yes or no?

52

"Mr. Sullivan: Objected to as incompetent, irrelevant and immaterial, don't tend to prove or disprove any issue in the case on trial, not proper rebuttal.

"The Court: It would probably be admissible on the theory of impeachment, or in testing the credibility of the witness. Overruled.

"Mr. Sullivan: Note our exception.

"Q. (By Mr. Sitton) Did he? A. Yes."

Thereupon the state called Levi Stewart as a rebuttal witness, who testified as follows:

"Q. Do you know Bob Hall, the defendant in this case? A. Yes, sir.

"Q. I will ask you if you had a conversation with Mr. Hall in which he stated to you that he had shot a man? A. Yes, sir.

"Mr. Sullivan: Objected to as incompetent, irrelevant and immaterial, and I ask the court to admonish the jury to disregard it as improper rebuttal testimony; don't tend to prove or disprove any issue in this case on trial.

"The Court: Overruled.

"Mr. Sullivan: We except.

"Q. Did you ever know of his threatening to shoot anybody up in that community? A. Yes, sir, he threatened to shoot me; called me a God damned pussy gutted bastard and says, 'I will fill you plumb full of holes.'

"Q. I will ask you if he has come to you since this trial has been in progress and wanted you not to testify against him? A. Well, in a way he did, yes, sir."

The state attempts to justify this so-called rebuttal evidence on the ground that in the cross-examination of the defendant the court permitted the same questions to be asked the defendant, all over the objections and exceptions of the defendant.

These questions were asked and numerous others of similar nature and over the defendant's objection per-

mitted to be answered. Defendant denied having made any such statements, and afterwards each of the parties referred to was called to the stand, and, over the defendant's objections, permitted to be asked if the defendant so stated, and all answered in the affirmative. All of this testimony was irrelevant on the question of the guilt or innocence of the defendant of the particular offense charged, as no connection whatever is shown between the declarations of the defendant as testified to by these witnesses and the offense charged. It is elementary that a witness cannot be impeached upon collateral matters, and it is error to permit the defendant as a witness in his own behalf to be cross-examined as to any distinct collateral fact not brought out in the examination in chief, with a view of impeaching his testimony by introducing other witnesses to contradict him. Whether the matter inquired of on cross-examination of the defendant and proved by the state in attempting to impeach him was collateral to the issue or not must be determined by this query: Would the prosecuting attorney have been permitted to introduce it in evidence as a part of the state's case? If he would not, it was collateral. If it was collateral, it was not competent to contradict it.

Wharton on Evidence, par. 559, states the rule:

"In order to avoid an interminable multiplication of issues, it is a settled rule of practice that, when a witness is cross-examined on a matter collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party putting the question." R. C. L. vol. 28, p. 613; Cyc. vol. 40, pp. 2769, 2773; Payne v. State, 10 Okla. Cr. 314, 136 Pac. 201; Willis v. State, 13 Okla. Cr. 700, 167 Pac. 333.

A careful examination of the record discloses that the defendant did not have that fair and impartial trial to which he is entitled.

The other errors complained of by the defendant are not likely to occur again in a retrial of the case.

For the reasons stated, the cause is reversed and remanded, and the trial court directed to proceed with the case in accordance with this opinion.

EDWARDS J., concurs. DAVENPORT, P. J., absent.