## ELMER GILES v. STATE.

No. A-8543. Nov. 3, 1933.
(28 Pac. [2d] 600.)

Mounts & Chamberlin, for plaintiff in error.

J. Berry King, Atty. Gen., and Jesse L. Ballard, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Tillman county of selling whisky, and was sentenced to pay a fine of $175 and to serve a term of 130 days in the county jail.

At the time charged two officers discovered defendant, who had stopped his automobile on the highway and had approached another automobile in which were three persons. On the approach of the officers, defendant got in his car and drove rapidly away. The officers apprehended the other parties and discovered they had six gallons of whisky. The following day the officers again discovered defendant parked on the highway, and upon their approach he fled, but a few days later surrendered himself. The parties apprehended by the officers testified they had just purchased the six gallons of whisky from defendant, paying him therefor $14. Defendant testified, admitting his presence at the place where the whisky was found, but denied making the sale, but testified the other parties there had the whisky and offered him a drink. He admitted his flight, but explained it by saying he did not want to be connected with the other parties. The jury evidently did not believe defendant's explanation. The testimony fully sustains the state's case.

The principal argument made is that the court permitted the state to attack the character and reputation of defendant when he had not raised the issue. This contention is directed to a series of questions by the county attorney purporting to show that defendant had no gainful occupation and owned no property. In one instance he asked as to defendant's general reputation in the community, but an objection to this was sustained. It is too well settled to require a citation of authorities that the character and reputation of an accused is not an element of the crime charged, and the prosecution cannot put it in issue by offering evidence of bad character, unless defendant first offers evidence of his good character. The questions did not go directly to character or reputation,

but tended toward that issue. The admission of this testimony was error.

It is further argued the state brought out on cross-examination certain collateral and immaterial matters relating to the employment of the defendant, and was then permitted to impeach and contradict him. There is some merit in this contention. It is equally well settled that, where an accused is questioned on cross-examination as to collateral matters, his answers are conclusive, and the prosecution is not permitted to impeach or contradict him on such collateral matters.

The guilt of defendant appears conclusive under the evidence, and we believe no intelligent jury could have arrived at a verdict other than guilty, but the errors may have contributed to the amount of punishment assessed. The judgment should not be reversed because of these errors, but should be modified by reducing it to a fine of $50 and imprisonment in the county jail for a term of 30 days.

As modified, the judgment is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.