## FREY v. STATE.

No. A-11865.   Dec. 30, 1953.

(265 P. 2d 502.)

J. Corbett Cornett, Pawhuska, and Lee Williams, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant George Albert Frey was charged by an information filed in the district court of Osage county with the crime of manslaughter in the second degree, was tried, found guilty by verdict of the jury, but the punishment to be assessed was left to the discretion of the court. Thereafter, the defendant was sentenced to serve six months' imprisonment in the county jail and has appealed.

The evidence showed that on April 22, 1951, Lyle George Gleason was driving his 1947 DeSoto two-door sedan automobile from Claremore to Pawhuska. Riding in the car with Gleason were his wife, a stepson, two stepdaughters, and another girl. As the Gleason car was driven into Pawhuska on the state highway, which was Lynn Avenue in Pawhuska, it collided with an automobile being driven by the defendant, which collision occurred at the intersection of Ninth Street and Lynn Avenue in Pawhuska.

The proof showed that a stop sign had been erected about 17 feet east of the intersection of Ninth Street and Lynn Avenue, so that parties approaching Lynn Avenue from the east would stop before entering Lynn Avenue. The defendant did not stop his automobile at the stop sign. In this connection defendant testified that he was proceeding west on Ninth Street about 25 miles per hour and that when he reached the stop sign on Lynn Avenue he slowed his automobile to about 15 miles per hour and saw no car approaching the intersection.

The evidence of the patrolman who made an investigation of the collision showed that the collision occurred at the northwest corner of the intersection about 7 feet east of the west line of Lynn Avenue and about 6½ feet south of the north line of Ninth Street. Defendant's automobile had traveled 25 feet into the intersection at the time of the collision, and there were about 13 feet of skid marks made by defendant's automobile but none made by the automobile driven by Mr. Gleason.

We have given careful consideration to all the assignments of error presented in the brief of defendant. It is our conclusion that only two of these assignments

of error constituted reversible error, so we shall restrict this opinion to a consideration of those two assignments of error.

It is contended that the court erred in permitting the witness Mrs. Muir Wise to testify in rebuttal on behalf of the state to impeach the defendant. On cross-examination of the defendant the record discloses the following question and answer without objection on the part of council for the accused:

"Q. I will ask you if two or three days before that up on Fifteenth Street entering Lynn Avenue did you run the stop sign up there? A. No sir, I didn't."

To refute this testimony of the defendant, Mrs. Muir Wise was called as a witness and over the strenuous objection of counsel for the defendant, she was allowed to testify at length concerning the failure of the defendant to stop at a stop sign near her home. She testified in part as follows:

"He was coming down the hill at an unusual rate of speed, going east on Fifteenth Street, going down the hill and he had to cross Prudom and at the bottom there is a stop sign and he didn't stop at the stop sign. There was a car coming from the north, I don't know whether it was a Dodge or a Plymouth, it was a gray car, and he had to stop about five or six feet from the intersection, he had to stop, and the Frey car went on to the school and stopped."

We think this testimony was improperly admitted for two reasons. First, the question asked the defendant on cross-examination pertained to a collateral matter. If counsel for the defendant had interposed an objection to the question, it would have been error on the part of the court to have overruled the objection. It was wholly immaterial to the issue for which the defendant was being tried as to whether he had run a stop sign on another street at a time previous to the one in question. The accused must be convicted upon evidence pertaining to the alleged offense for which he was being tried, and evidence of the commission of another offense at a different time and place was inadmissible. When the county attorney asked the defendant the question concerning this alleged incident and the defendant answered that he did not run the stop sign, the county attorney was bound by the answer of the defendant. In the case of Scott v. State, 50 Okla. Cr. 396, 298 P. 626, 627, it is held:

"When a defendant as witness is cross-examined on a matter purely collateral to the issue, his answer is conclusive, and he cannot be subsequently contradicted by way of impeachment by the party putting the question."

To the same effect see Hall v. State, 51 Okla. Cr. 50, 299 P. 508; Giles v. State, 55 Okla. Cr. 145, 28 P. 2d 600.

There is another reason why the impeachment evidence was inadmissible. The question asked the defendant on cross-examination was whether he had run the stop sign at the intersection of Fifteenth Street and Lynn Avenue. The impeaching witness testified that she saw the defendant run a stop sign at the intersection of Fifteenth Street and Prudom Avenue, which was at an altogether different place than the one to which the question was directed on cross-examination. If the evidence had been otherwise material, the impeaching witness should have been confined to a discussion of the incident pertaining to which the defendant was questioned.

It is alleged that the court erred in giving instruction No. 18 over the objection and exception of the defendant. This instruction reads:

"You are instructed that if you find from the evidence in this case, beyond a reasonable doubt, that at the time and place charged in the Information in this case the defendant George Albert Frey was driving the 1938 Chevrolet Sedan automobile described in the Information in this case from an easterly direction at a point on Ninth Street in the City of Pawhuska and did then and there un-

lawfully, wrongfully, negligently and feloniously drive said Chevrolet sedan through and past a stop sign located on Ninth Street and into the intersection of said Highway 99 (Lynn Avenue) at an excessive rate of speed in a westerly direction, and that as a result of the defendant's failure to stop at said stop sign and reckless driving did with said Chevrolet sedan automobile drive into the lefthand side of a 1947 DeSoto coupe automobile being driven by Lyle George Gleason, thereby inflicting upon the person and body of Patricia Irene Dye, a passenger in said 1947 DeSoto automobile, certain mortal wounds, and that as a result of said mortal wounds so inflicted as aforesaid by the defendant the said Patricia Irene Dye did die, then and under such circumstances you are instructed that it would be your duty to find the defendant guilty of manslaughter in the second degree.

"Unless you should so find, it would be your duty to acquit the defendant."

We have carefully examined all of the instructions which were given and in none of them do we find that the court instructed the jury that before the defendant could be convicted they must find beyond a reasonable doubt that defendant's failure to stop at the intersection of Ninth Street and Lynn Avenue and his alleged excessive speed was the proximate cause of the death of the deceased. We believe that the effect of the instruction in question was to cause the jury to believe that it was their duty to find the defendant guilty since defendant admitted that he did run the stop sign and that his car did collide with the Gleason automobile. The jury are instructed that before convicting accused they should find that as a result of defendant's failure to stop at the stop sign, the collision occurred which inflicted injuries upon the deceased, but this is not sufficient. The collision might have resulted from defendant running the stop sign and driving at an excessive rate of speed, but it would not have directly resulted from such action.

A direct result is one which immediately and necessarily follows the act. A consequential result is one which does not thus follow the doing of the act. Thus, the defendant's failure to stop at the stop sign might have resulted in the collision, but the collision might not be the direct result of the failure to stop at the stop sign. In Chandler v. State, 79 Okla. Cr. 323, 146 P. 2d 598, 603, the state contended that since the defendant was driving at an excessive rate of speed in contravention of the statute, he was therefore guilty of a violation of the statute and consequently his conviction should be upheld even though there was substantial evidence that the car in which the deceased was riding was on the wrong side of the road at the time of the collision. In disposing of this question it was stated:

"We are aware of the well recognized rule of law in civil cases that the question of proximate cause is generally a question for the jury. This rule of law also has application in criminal cases. But there must be evidence of its application. In criminal cases, it has been universally held that speed alone, even though it be in contravention of a statute, may not cause one to be guilty of a crime.

"* * * a person may be found guilty of criminal homicide arising from the negligent operation of an automobile or its use for an unlawful purpose, or in violation of law, but it is uniformly held that it must be shown that such negligent operation, or use for an unlawful purpose or in violation of law, was the direct and proximate cause of the death; that is, that there was a causal connection between the act and the death."

In Howard v. State, 88 Okla. Cr. 4, 199 P. 2d 240, 241, the following rules of law were established:

"A person may be found guilty of criminal homicide arising from the negligent operation of an automobile, but it is uniformly held that it must be shown that such negligent operation, was the direct and proximate cause of the death; that is, that there was a causal connection between the act and the death.

"Before one may be convicted of crime, there should be a higher degree of negligence than is required to establish civil liability; the rule in civil liability being based upon the preponderance of the evidence, while in criminal cases one must be convicted beyond a reasonable doubt.

"While the question of proximate cause is generally a question for the jury, in a criminal case the evidence should be such as to justify the finding that one was guilty of 'culpable' or 'criminal' negligence, where one is convicted of manslaughter in the second degree."

It was the contention of the defendant that his car entered the intersection first and that having entered the intersection first he had a right to proceed safely across it and the excessive speed at which the automobile was being driven in which the deceased was a passenger was the proximate cause of the collision and that said collision occurred through no fault of the accused. The jury had a right to disregard the evidence of the defendant but there was some evidence sustaining the theory of the accused, and the issues as to the proximate cause of the collision should have been properly submitted.

As to the contention of the accused that the evidence was insufficient to sustain the conviction, we hold that the evidence of the state was sufficient to require the submission of the case to the jury for their determination of his guilt or innocence. We further state, in response to the alleged error of the court in refusing to permit the defendant to show that a civil suit was filed against him growing out of the tragedy and that the civil suit was settled by the payment of money to the mother of deceased, that the court's action in this regard was proper and that such evidence was wholly immaterial to the issues.

The judgment and sentence of the district court of Osage county is reversed and remanded for a new trial.

POWELL, P. J., and BRETT, J., concur.