Howard Lee **BROWN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15714.

Court of Criminal Appeals of Oklahoma.

July 14, 1971.

Benjamin P. Abney, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Harold Lee Brown, hereinafter referred to as defendant, was charged with the crime of Unlawful Sale of LSD (lysergic acid diethylamide) (63 O.S.Supp.1970, § 465.19) in the District Court of Tulsa County, Case No. CRF–69–1494. Defendant was tried before a jury which found him guilty and fixed punishment at the maximum, Five (5) Years imprisonment. Judgment and sentence in accord with the verdict was imposed on October 31, 1969, and this appeal perfected therefrom.

Specifically, defendant was charged with selling one LSD tablet for $7.00, to J. Kimble Lester on September 3, 1969. Lester, a Tulsa Police Officer, testified that on September 3, 1969, he was in the parking lot of the Der Wienerschnitzel, a drive-in restaurant frequented by young people while dressed in "hippie-type" apparel. About 9:20 P.M. Lester said defendant approached him and sold him one tablet of LSD for $7.00 while both were seated inside his car. Lester then left the parking lot and met with police officers, giving the tablet to Officer Dick who gave it to Agent Ryan of the Oklahoma Bureau of Investigation for analysis. Lester testified he had established a reputation as a buyer of drugs among those who hung out around the Wienerschnitzel, that others had approached him with offers to sell drugs, and that he had made buys from others.

Officers Dick, Webb, and Jones testified that they were across the street from the parking lot on September 3, 1969, and while observing Lester and the lot through binoculars, they saw defendant in the lot. They testified Dick received the tablet from Lester and subsequently gave it to Agent Ryan for delivery to a state chemist, who testified that in his opinion the tablet contained LSD.

Defendant testified on direct examination that he frequented the Wienerschnitzel parking lot, that he was there on the night of September 3rd, that he knew the place was under police surveillance, that he did not get into a car with Lester (known to him as Grubby Kimble), and that he did not sell any LSD to Lester.

On cross-examination the prosecutor asked defendant, over objection, if he had ever sold LSD to anyone and if defendant had told an Assistant District Attorney that he had sold LSD numerous times. Defendant denied having ever sold LSD or having told an Assistant District Attorney he had sold it numerous times. The prosecutor also asked, over defense objection, if defendant had even dealt in drugs or seen any marihuana out at the Wienerschnitzel, in what quantities, and if defendant had even handled or touched any marihuana. Defendant replied he had not dealt in drugs but had seen marihuana at the Wienerschnitzel, usually in little plastic bags, although he had never handled any of it.

In rebuttal, the State called Ronald Schaffer, an Assistant District Attorney, who testified concerning his interview with the defendant on September 10, 1969, after his arrest. Over defense objection, the Assistant District Attorney testified that he asked defendant if he had sold LSD to a 15 year old boy on Labor Day, and that defendant replied "he had sold so much of

it, he didn't remember specific dates or times or people."

█ It will be recalled defendant was on trial for selling one LSD tablet to undercover Officer Lester on September 3, 1969. The prosecutor's cross-examination as to other sales of LSD or admission of other sales, and questioning if defendant had ever dealt in drugs or handled marihuana was beyond the scope of direct examination, and related to other offenses for which defendant was not on trial. Such evidence is collateral, irrelevant, and inadmissible.

█ It is true that evidence of other crimes may be admissible if it comes within one of the exceptions where it establishes motive, intent, absence of mistake or accident, a common scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other, or identity of accused. Young v. State, Okl.Cr., 446 P.2d 79 (1968). None of these exceptions would allow introduction of other offenses in the instant case, nor does the State argue such a view.

██ The only guise for the questioning about other offenses was impeachment of the witness's credibility. As an exception to the general rule that a witness cannot be impeached by evidence of particular wrongful acts, conviction of a crime may be shown to affect credibility. Relf v. State, 44 Okl.Cr. 239, 280 P. 851 (1929). However, the prosecutor here did not limit his inquiry to convictions. On prosecution for a particular crime, evidence which in any manner shows or tends to show that accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible. Hall v. State, 67 Okl.Cr. 330, 93 P.2d 1107 (1939). Turnbow v. State, Okl.Cr., 451 P. 2d 387 (1969).

The only reasonable justification for calling the rebuttal witness was to impeach the defendant's credibility by showing a prior inconsistent statement with defendant's denial that he had made other sales or admitted making such sales. However, defendant denied having made other LSD sales, or admitting such, all of which was irrelevant and collateral to the issue of defendant's sale on September 3rd for which he was on trial. Therefore, the calling of a rebuttal witness to impeach defendant on these collateral matters was impermissible.

This rule was clearly stated in the early case of Payne v. State, 10 Okl.Cr. 314, 136 P. 201 (1913). In that case, defendant was cross-examined on his statements to certain witnesses:

" * * * He [defendant] denied having made any statements, and afterwards each of the parties referred to were called to the stand and over the defendant's objections permitted to be asked if the defendant so stated, and all answered in the affirmative. All this testimony was irrelevant on the question of the guilt or innocence of the defendant of the particular offense charged, as no connection whatever is shown between the declarations of the defendant as testified to by these witnesses and the offense charged. It is elementary that a witness cannot be impeached upon collateral matters, and it is error to permit the defendant as a witness in his own behalf to be cross-examined as to any distinct collateral fact not brought out in the examination in chief, with the view of impeaching his testimony by introducing other witnesses to contradict him. Whether the matter inquired of on cross-examination of the defendant and proved by the state in attempting to impeach him was collateral to the issue or not must be determined by this inquiry: Would the prosecuting attorney have been permitted to introduce it in evidence as part of the state's case? If he would not, it was collateral. If it was collateral, it was not competent to contradict it." 10 Okl.Cr., at 321, 136 P., at 204.

The same rule was later stated in Frey v. State, 97 Okl.Cr. 410, 265 P.2d 502 (1953):

> "Testimony of rebuttal witness as to the alleged commission by the defendant of another offense at a different time and place than that for which the defendant was being tried concerned a collateral matter wholly immaterial to the issue and constituted reversible error although the same constituted impeachment of the testimony of the accused on cross-examination." 97 Okl.Cr., at 410, 265 P.2d, at 503.

See, Scott v. State, 50 Okl.Cr. 396, 298 P. 626 (1931); Hall v. State, 51 Okl.Cr. 50, 299 P. 508; Giles v. State, 55 Okl.Cr. 145, 28 P.2d 600 (1933); Phillips v. State, 20 Okl.Cr. 415, 203 P. 902 (1922).

More recently, in Moon v. State, Okl.Cr., 475 P.2d 410 (1970) this Court held:

> "Though the rule is well established in this state that where a defendant takes the stand in his own behalf, he becomes a witness on cross-examination, subject to all the rules applicable to other witnesses, when a defendant as witness is cross-examined on a matter purely collateral to the issue, his answer is conclusive, and he cannot be subsequently contradicted by way of impeachment by the party putting the question." 475 P.2d, at 410.

We therefore hold that the cross-examination of defendant by the prosecutor as to other offenses for which defendant was not on trial was error, and further that the testimony of the State's rebuttal witness contradicting defendant on collateral matters was error.

It is the opinion of this Court that the cause be, and the same is, hereby reversed and remanded.

BUSSEY, P. J., and BRETT, J., concur.