### Greg GLIDDEN and Gloria Glidden, Appellees,

v.

**Charles T. HIGGS and Mrs. Charles Higgs, as Natural Guardians of Charles T. Higgs, II, a minor, Charles T. Higgs and Mrs. Charles Higgs, individually, Appellants.**

#### No. 76944.

Court of Appeals of Oklahoma, Division 3.

April 28, 1992.

Rehearing Denied June 2, 1992.

Certiorari Denied Oct. 28, 1992.

Mark S. Thetford, Tulsa, for appellants.

Grant E. Cheadle, Tulsa, for appellees.

### OPINION

HUNTER, Judge:

Appellants, Mr. and Mrs. Charles Higgs, are the parents of Charles Higgs, II, who as a minor living at home was involved in an automobile accident. He received a traffic citation for failure to yield while turning left, a violation of a Tulsa traffic ordinance. At the time of the accident, he was driving a vehicle owned by the Appellees, Greg and Gloria Glidden. Appellees sued the Appellants alleging that they were liable for the actions of their minor son according to 23 O.S.1991, § 10. This statute provides:

> The state or any county, city, town, municipal corporation or school district, or any person, corporation or organization, shall be entitled to recover damages in a court of competent jurisdiction from the parents of any minor under the age of eighteen (18) years, living with the parents at the time of the act, who shall commit any criminal or delinquent act resulting in bodily injury to any person or damage to or larceny of any property, real, personal or mixed, belonging to the state or a county, city, town, municipal corporation, school district, person, corporation or organization. The amount of damages awarded shall not exceed Two Thousand Five Hundred Dollars ($2,500.00).

■ The broad rule is that neither parent nor child is answerable, as such, for the act of the other. 10 O.S.1991, § 20. The provisions of 23 O.S.1991, § 10 are exceptions to the general rule and are limited to the criminal or delinquent acts of the child.

■ Failure to yield on a left turn is a violation of a city ordinance. However, it is not a criminal or delinquent act, nor is it such negligence, in the absence of exacerbating circumstances, which rises to the level of criminal negligence. Before one may be convicted of a crime, a higher degree of negligence must be established than for civil liability. *Frey v. State*, 97 Okl.Cr. 410, 265 P.2d 502 (1954); *Howard v. State*, 88 Okl.Cr. 4, 199 P.2d 240 (1948).

The trial court erred in finding the Higgs liable for their son's negligence. Judgment is REVERSED.

HANSEN, V.C.J., and JONES, J., concur.