Charles HILL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13066.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1962.

Charles Hill, plaintiff in error, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Charles Hill as petitioner in error, defendant below, who was charged by information in the district court of Jackson County with the crime against nature (21 O.S.A. § 886) through copulation per os with the body of Jesse Woods. He was charged as a second and subsequent offender. The crime was allegedly committed on or about October 26, 1960 in said county. The accused was tried, convicted by a jury and his punishment fixed at a term of ten years in the pentitentiary. Judgment and sentence was entered on the verdict, from which this appeal has been perfected.

The said Woods, together with a negro called Cadillac, were brought into the jail on a charge of disturbing the peace and fighting. Woods was intoxicated and was received at the jail about 10 p. m., at which time he was barely able to stand. He had no marks on his face and hands when placed in the county jail.

Woods, a World War II victim of paralysis in the left leg, inflicted by being hit in the neck, spine and leg by shell in the battle of the bulge, wore a brace on his left leg, and had a decided limp. He was asleep, he testified, when the officers brought in the defendant Hill. Woods said the first time he saw defendant was when he attacked him about 3 or 4 a. m. Woods said he was crawling around on his hands and knees trying to find a drink of water when defendant Hill jumped on his back. Hill, he related, was trying to commit sodomy. Defendant forced Woods' head to the floor with such force as to bruise his head above the right eye and bruise and skin him up on the arms and hands. The officer testified his bruises were very bad. Woods said he blacked out during the attack, momentarily. He resisted the best he could until the black-out, and he said the defendant completely penetrated him by penis in an unnatural act through the rectum.

The defendant denied the charge, admitted that he was present in the county attorney's office when Woods made his accusation and signed a written statement of the facts,

and stated that he demanded that a doctor examine Woods, but his request was refused.

The sheriff testified that the defendant did not ask for a doctor in his presence. He stated that the defendant merely denied the charge.

Defendant admitted that he had served a prior term of four years in the Oklahoma State Penitentiary on a conviction for assault with a dangerous weapon; that he was sentenced to five years on each of two counts of forgery in New Mexico, the sentences to run concurrently, which sentences he served; and admitted that he had been in reform school.

This evidence was highly conflicting, but it presented a question for the jury. This case falls squarely within the rule announced in Hopper v. State, Okl.Cr., 302 P.2d 162, paragraphs 1, 3, 4 and 6 of the syllabus reading:

"Conflicting evidence in a criminal case presents a question of fact for the jury.

"Where the evidence is clear and convincing that the outraged person was not an accomplice, corroboration is not necessary to sustain a conviction of the crime of sodomy.

"The Court of Criminal Appeals recognizes the analogy between sodomy and rape and that the principles of law applicable to rape apply to sodomy.

"Where the evidence supports the jury's finding that the victim in a sodomy case was not an accomplice of the defendant, such findings are binding on the Criminal Court of Appeals."

The judgment and sentence is, accordingly, affirmed.

NIX, P. J., and BUSSEY, J., concur.