Kenneth Jean MOON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15140.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Prudence Little, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Kenneth Jean Moon, who shall hereafter be referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Robbery with Firearms. He was tried before a jury, found guilty, and his punishment fixed at 40 years in the penitentiary. It is from that judgment and sentence that the defendant lodges this appeal.

Defendant was represented by the Public Defenders Office, who filed an excellent brief in defendant's behalf. He asserts two assignments of error, only one of which will be discussed herein. The question presented arose out of rebuttal testimony offered by the state and admitted over objections of defendant. During defendant's testimony in chief, the trial court permitted the State, on cross-examination, to ask defendant if he had been at the TG & Y Store on February 8, 1968, or at the Safeway Store on February 14, 1968; to which defendant replied "No". Then, after the state and defendant had rested, the state produced rebuttal witness, James Hancock, who testified that he worked at the TG & Y Store and that on February 8, 1968, defendant came in his store along with a companion (Murphy) and robbed him.

Then the state put on Louis Ramsey, who testified that on February 14, 1968, defendant and Murphy came in the Safeway Store where he was working and robbed it. This was all done over the objection of defense counsel! In each instance, a note

was handed the employee advising that a robbery was taking place, said, not exactly, but similar to the one handed the employee in the case at bar.

In this connection, defendant raises two questions, both of which are meritorious; (1) That evidence of other offenses were inadmissible, and (2) That this was rebuttal testimony on a collateral matter and should have been excluded.

In view of the fact that said evidence was introduced as rebuttal testimony, it will only be necessary to discuss the second proposition, however, the admission of evidence of other offenses during the state's case in chief were, to say the least, questionable, and evidently the attorney for the state was of the same opinion, thus he attempted an entrance by the back door. The general rule adopted by this Court as recited in Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305:

> "Any doubt as to admissibility of evidence of other offenses to show a common scheme, plan or unlawful intent should be resolved in favor of accused and such evidence excluded."

However, we shall confine our discussion to admissibility of such evidence as rebuttal testimony while impeaching the defendant on a collateral matter.

There has been a long line of cases reversed by this Court holding it to be reversible error to introduce rebuttal testimony to impeach the defendant on a collateral matter. In the case of Scott v. State, 50 Okl.Cr. 396, 298 P. 626, 627, this Court said in a very similar situation:

> "Defendant, as a witness in his own behalf, denied that at the time charged or any other time he sold any whiskey to the witness. On cross-examination he was examined at length as to other transactions with other persons, purely collateral, including questions as to statements made to him by other persons. These various suggestive and insinuating questions were answered in the negative. The state was then permitted to introduce witnesses to impeach defendant on

**412**

these collateral matters. When a defendant takes the stand as a witness, he is subject to cross-examination the same as any other witness and may be discredited and impeached as any other witness. McNeill v. State, 18 Okl.Cr. 1, 192 P. 256; Queen v. State, 23 Okl. Cr. 146, 212 P. 1021; Whitlow v. State, 24 Okl.Cr. 307, 218 P. 162; Golding v. State, Okl.Cr.App., 281 P. 322. It is a general rule that one cross-examining a witness is concluded by the answers of the witness to questions on collateral matters. 1 Greenleaf, sec. 449; Payne v. State, 10 Okl.Cr. 314, 136 P. 201, 202; Willis v. State, 13 Okl.Cr. 700, 167 P. 333; State v. Haynes, 7 N.D. 70, 72 N.W. 923. These various questions amount to an attack on the character of defendant which had not been put in issue by him. This was error. Porter v. State, 8 Okl. Cr. 64, 126 P. 699; 3 Ency. of Ev. 12. The case is reversed and remanded."

In Hall v. State, 51 Okl.Cr. 50, 299 P. 508, 509, impeachment was permitted of a defendant's answers on cross-examination relative to collateral matters, and this Court again reversed the conviction for such error, and gave an indication of the test for determining whether impeachment is proper:

"All of this testimony was irrelevant on the question of the guilt or innocence of the defendant of the particular offense charged, as no connection whatever is shown between the declarations of the defendant as testified to by those witnesses and the offense charged. It is elementary that a witness cannot be impeached upon collateral matters, and it is error to permit the defendant as a witness in his own behalf to be cross-examined as to any distinct collateral fact not brought out in the examination in chief, with a view of impeaching his testimony by introducing other witnesses to contradict him. Whether the matter inquired of on cross-examination of the defendant and proved by the state in

attempting to impeach him was collateral to the issue or not must be determined by this query: Would the prosecuting attorney have been permitted to introduce it in evidence as a part of the state's case? If he would not, it was collateral. If it was collateral, it was not competent to contradict it."

Also, the same rule of law was laid down in Clark v. State, 95 Okl.Cr. 119, 239 P.2d 797.

■ It is obvious from previous decisions of this Court that to impeach defendant by offering the testimony of other offenses is highly improper and should not be permitted. If said evidence was admissible in chief, that was the time and place for its admission. If said evidence was not admissible in chief, certainly it was not admissible in rebuttal and must be considered as prejudicial to the defendant.

■ In addition to this error, an instruction was given to the jury as to the question of credit given a prisoner for good time, etc., as related in 57 O.S.Supp., 1969, § 138. This Court in a recent decision, Williams v. State, Okl.Cr., 461 P.2d 997, held that the statute is unconstitutional, being in conflict with Article 4, § 1 of the State Constitution, and to use said instruction in the second stage of a two stage proceedings is highly prejudicial to defendant, and is grounds for modification.

■ The evidence in the case at bar would have been ample to sustain the conviction aside from and without the introduction of other offenses in rebuttal on a collateral issue. However, it appears very strongly that defendant may have been prejudiced by the errors discussed herein and for that reason we feel that justice would be best served by modifying the sentence imposed from forty years in the penitentiary, to Fifteen (15) Years in the penitentiary, and otherwise affirmed.

BRETT, P. J., and BUSSEY, J., concur.