**David Carl ALLEN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–16822.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

David Carl Allen, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Robbery with Firearms. His punishment was fixed at thirty (30) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on November 1, 1970, Wilma Faulkender owned the Quik Sak Grocery at 1616 N.E. 23rd in Oklahoma City. She testified that at approximately 10:00 a. m., a person, whom she identified in court as the defendant, entered her store and got a can of beer. He was wearing a floppy hat under which was a lady's stocking. As he approached the counter, he pulled the stocking down to form a mask, produced a pistol and demanded the money. She gave him approximately $130. The defendant had traded at the store previously, and she recognized the "floppy" felt hat he wore as the one he had worn on previous occasions. As the defendant left he said, "You know me. Don't call the police or I'll hurt you." She identified the State's Exhibit One as a gun similar to the one defendant used in the robbery.

Officer Calvery testified that he arrested the defendant at defendant's home at approximately 10:45 a. m., on November 1, 1970, and found the gun, State's Exhibit One, in a car belonging to defendant.

State's Exhibit Two, the hat, was also found in defendant's home.

The defendant testified that he attended a party at Rose Norman's house, Saturday, October 31, and left about 2:00 a. m. the next morning accompanied by Rose Norman. They spent the night at his house and when he woke about 10:00 a. m. the next morning she was gone. He denied the robbery. He testified that State's Exhibit Two was his hat, and that he had seen the gun in his car but denied that it was his.

Rose Norman testified that the defendant attended a party at her house on October 31, and about 2:00 a. m., on the following morning she went to the defendant's home, where she spent the night. She left about 10:00 o'clock the next morning and the defendant was still there asleep.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, 468 P.2d 805 (1970).

■ The next proposition asserts that the trial court erred in admitting improper rebuttal. In cross examination, the defendant was asked if he had ever been convicted of any crimes before, to which he answered, "No sir." (Tr. 25) In rebuttal, the prosecution, over the objection of the defendant, established that the defendant had previously been convicted in the jury trial of the misdemeanor offense of assault and battery upon a police officer. The defendant cites a large number of authorities to support this proposition, but relies primarily on the recent case of Moon v. State, Okl.Cr., 475 P.2d 410 (1970) and Brown v. State, Okl.Cr., 487 P.2d 963. We have carefully examined each of the defendant's citations of authority and are of the opinion that the same are distinguishable from the case at bar. The defendant's line of cases hold that it is error to permit the testimony of rebuttal witnesses as to the alleged commission by the defendant of "other offenses, to impeach a defendant." In the case at bar, the State of Oklahoma did not impeach the defendant by proof of "other offenses, but rather established a prior conviction of a crime." In the recent case of Brown v. State, supra, Judge Nix stated:

"The only guise for the questioning about other offenses was impeachment of the witness's credibility. *As an exception to the general rule that a witness cannot be impeached by evidence of particular wrongful acts, conviction of a crime may be shown to affect credibility.* Relf v. State, 44 Okl.Cr. 239, 280 P. 851 (1929). However, the prosecutor here did not limit his inquiry to convictions." (Emphasis Ours)

We, therefore, find this proposition to be without merit.

■■ The final proposition asserts that the punishment is excessive. We have previously held that this Court may, on consideration of the entire Record and all the circumstances, reduce the sentence where the Record indicates substantial justice will be served by so doing. Gable v. State, Okl.Cr., 424 P.2d 433. We are of the opinion that justice would best be served by modifying the judgment and sentence to a term of twenty (20) years imprisonment and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT and NIX, JJ., concur.