Chester F. SLAUGHTERBACK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–192.

Court of Criminal Appeals of Oklahoma.

April 11, 1979.

Jack E. Gordon, Jr., Gordon & Gordon, Claremore, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

Chester L. Slaughterback was charged by information in the District Court, Rogers County, Case No. CRF–77–161, on two counts: Sodomy and Attempted Sodomy. He was found guilty by a jury which recommended that punishment be assessed by the court. The defendant was sentenced to two (2) years' imprisonment on the Attempted Sodomy charge and five (5) years' imprisonment on the Sodomy charge, both sentences to run concurrently.

Inasmuch as the defendant's sole assignment of error relates to the instructions, no summary of the testimony presented at the trial is necessary. The 55-year-old defendant contends that since there was evidence of the victim's consent to the acts charged, it was error for the court to refuse to give his requested instructions 1, 2 and 3, dealing with corroboration and consent, and the court's restricting defense counsel on matters argued during closing argument.

In *Cole v. State*, 83 Okl.Cr. 254, 175 P.2d 376 (1946), we held that where evidence is presented to the jury raising a question as to whether the prosecuting witness in a sodomy prosecution consented to the commission of the acts charged, the jury should be given general instructions following the statute forbidding conviction on an accomplice's uncorroborated testimony—see 22 O.S.1971, § 742—and, further, general instructions on the sufficiency of corroborating evidence. In the case at bar, the prosecuting witness testified that he had remained in the company of the defendant from 10:30 p. m., August 7, 1977, until 11:00 a. m., August 9, 1977. There was no testimony upon the part of the witness as to any force, threat, or fear that encouraged the witness to remain with the defendant. In fact, the defendant left the witness alone in the defendant's hotel room, and the witness did not leave nor attempt to leave the premises then or any other time. The evidence presented revealed that the prosecuting witness was a 16-year-old male, junior high school student who had a learning disability and had been in special education classes for all of his nine years of education. The trial transcript further shows that at times the witness was unresponsive to questions, and the State had to carefully lead him in his responses to questions. This Court stated in the second paragraph of the Syllabus of *Cole v. State*, supra, that "A person may by reason of his age or mental unsoundness be legally incapable of consenting to the act of sodomy," however, the Court did not address itself to this issue in the body of its opinion.

Legal consent presupposes an intelligence capable of understanding the act, its nature, and possible consequences. This degree of intelligence may exist with an impaired and feeble intellect, or it may not. Save in exceptional cases, mental capacity to give legal consent must remain a question of fact for the jury. See *Adams v. State*, 5 Okl.Cr. 347, 114 P. 347 (1911); *Hacker v. State*, 73 Okl.Cr. 119, 118 P.2d 408 (1941). While these cases involved the crime of rape with a specific statutory definition involving consent, we think the language therein defining legal consent is applicable in the case at bar.

There is no chronological age limitation for consent in 21 O.S.1971, § 886 and § 887, the statutes defining a crime against nature and the punishment therefor, nor does any case so hold. Consent is not an element of the crime against nature nor is the crime less of a crime if committed with

a consenting person. However, if consent is found on the part of the complaining witness, he is deemed an accomplice to the crime, irrespective of his age. *Woody v. State*, 95 Okl.Cr. 21, 238 P.2d 367 (1951).

■ The trial court's refusal to give defendant's requested instructions 1, 2 and 3, and its refusal to allow defense counsel to comment upon the denied instructions dealing with corroboration and consent in his closing argument was error. While we find error, our review of the record and instructions reveals that defendant has suffered no fundamental reversible error. The record shows there was sufficient corroborative evidence presented at the trial to sustain the verdict.

■■ The law prescribes no standard for the strength of corroborating evidence and there is failure to corroborate only if there is no evidence having that effect. *Spivey v. State*, 69 Okl.Cr. 397, 104 P.2d 263 (1940). In *Brown v. State*, Okl.Cr., 518 P.2d 898 (1974), this Court stated that if an accomplice is corroborated by one material fact or facts by independent evidence tending to connect defendant with the commission of the crime the jury may infer that the accomplice spoke the truth as to the whole matter. Further, the required corroboration of an accomplice's testimony need not encompass every fact. *Leppke v. State*, Okl.Cr., 559 P.2d 459 (1977).

In the instant case, the corroborating evidence was the properly admitted testimony of Officer Charles Williams, who testified as to the voluntary statement made by the defendant, acknowledging that the act of sodomy had been committed upon the prosecuting witness. It has long been accepted by this Court that a defendant's own statements that were voluntarily given to a police officer after proper *Miranda* warnings are sufficient corroboration of an accomplice's testimony to sustain a conviction. *Wampler v. State*, Okl.Cr., 553 P.2d 198 (1976), and *Parrott v. State*, Okl.Cr., 522 P.2d 628 (1974).

■ Defendant further urges that his sentence be substantially reduced. This Court cannot say that under all the facts and circumstances presented in this case, the sentence is so excessive as to shock the conscience of this Court, and we are of the opinion that the defendant's acts warrant the punishment imposed.

The sentence and judgment is, accordingly, *AFFIRMED*.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting.

I dissent to this decision for the same reasons I stated in my dissent to *Canfield v. State*, Okl.Cr., 506 P.2d 978, 989 (1973). 21 O.S.1971, § 886, is unconstitutionally vague as its meaning is not ascertainable from the language of the statute.