Lola K. NEVAQUAYA, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–79–631.

Court of Criminal Appeals of Oklahoma.

July 14, 1980.

---

Marvin Liddell, Ardmore, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., Cary E. Hiltgen, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from a conviction in the District Court of Carter County for the offense of Assault and Battery, Case No. CRF–78–101, Lola K. Nevaquaya, appellant, raises two assignments of error.

■ It is first contended that it was error to charge the appellant with the instant charge in addition to three misdemeanors—Resisting An Officer, Driving Under the Influence and Eluding An Officer,—all alleged to be part of one criminal transaction. We reject this contention under the facts of this case for reasons set out in *Tucker v. State*, Okl.Cr., 481 P.2d 167 (1971). The fact that crimes are committed in rapid succession does not negate the fact that separate crimes were committed.

■ As to the second assignment of error, it is contended that the trial court abused its discretion in allowing the prosecutor to cross examine Appellant concerning a similar incident occurring much earlier that same day in Norman, Oklahoma, in which Appellant attempted to elude a police officer attempting to make a traffic stop. We are of the opinion that the trial court did err in allowing inquiry into a separate and distinct offense for which Appellant had not been convicted. See *Roulston v. State*, Okl.Cr., 307 P.2d 861 (1957).

We are further of the opinion that the trial court compounded this error by permitting a police officer to testify as a rebuttal witness concerning the details of the Norman offenses, for the reason that it was impeachment of the Appellant on a collateral matter. See *Moon v. State*, Okl.Cr., 475 P.2d 410 (1970). See also 12 O.S.Supp.1978, § 2608 B, which provides that "(s)pecific instances of the conduct of a witness, for the purpose of attacking . . . his credibility, other than conviction of crime as provided in Section (2609) of this code, may not be proved by extrinsic evidence."

This case is REVERSED and REMANDED for a new trial with instructions that Appellant be tried on no greater offense than that for which she was convicted, Assault and Battery. See *S. H. v. State*, Okl. Cr., 555 P.2d 1050, appeal after remand 581 P.2d 916 (1976).

CORNISH, P. J., and BRETT, J., concur.