**Jeffrey Mark KIMBRO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–575.**

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1990.

Lee Ann Jones Peters, Chief of Appellate Division, Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

S.W.2d 935 (Tex.App.—San Antonio 1990, writ    denied).

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

LANE, Vice–Presiding Judge:

Jeffrey Mark Kimbro, Appellant, was tried by jury for the crimes of Forcible Sodomy (21 O.S.1981, § 888) (two counts of forcible anal sodomy and two counts of forcible oral sodomy) and Indecent or Lewd Acts with a Child Under the Age of Sixteen (21 O.S.1981, § 1123) in Oklahoma District Court Case No. CRF 87–5404. The jury acquitted Appellant on one count of forcible oral sodomy and convicted him on each of the other counts. The trial court sentenced Appellant according to the jury verdict of ten (10) years imprisonment for each count of Forcible Sodomy and five (5) years imprisonment for the Indecent or Lewd Acts with the sentences to run concurrently.

Seven year old D.L. testified at trial that when he went to the Appellant's house the appellant "will get nasty" with him and hurt him when the appellant put his hard "bottom part" into D.L.'s behind and went up and down. He also testified that when they were in the bathroom the appellant showed D.L. "his wiener", grabbed his hand and made him "help him by rubbing it up and down", and told D.L. to taste the "white stuff" that came out. D.L. used anatomically correct dolls to show the jury these acts. Examining Physician, Kevin Moore, testified D.L. told him the appellant had "stuck his wee wee in his bottom", put D.L.'s penis in his mouth, and tried to put his penis in D.L.'s mouth. Dr. Moore observed a three millimeter fissure on D.L.'s anus which was consistent with D.L.'s report of anal intercourse. D.L. also told him that he bled when he "pooped" after the incident. Dr. Moore testified that D.L. told him the appellant picked him up from a playground, took him to Appellant's house and repeated these actions on more than one occasion. Appellant took the stand and denied the acts occurred.

■ Appellant argues in his first proposition of error that the trial court improperly instructed the jury on the question of forcible sodomy. Specifically Appellant argues the court erred when it instructed the jury that a child under the age of sixteen (16) cannot consent to oral or anal sodomy. This instruction, Appellant claims, negates the element of force required for a conviction under 21 O.S.1981, § 888 and confused the jury. We disagree.

Appellant concedes he did not object to the instructions at trial and has thus waived all but fundamental error. *Ballou v. State*, 694 P.2d 949 (Okl.Cr.1985). The trial court's instruction affirmed the fact that as a matter of law a child of tender years cannot consent to sexual acts performed with an adult. *See Martin v. State*, 747 P.2d 316 (Okl.Cr.1987). We reach this conclusion independent of the fact that the Oklahoma Legislature saw fit to omit any reference to age when it defined the crimes of sodomy and forcible sodomy, even though it expressed the policy of protecting children of tender years when it defined the crime of rape. *See* 21 O.S.1981, §§ 886, 888, 1111. The result we reach today is mandated by common sense, the basic foundation recognized in *Hill v. State*, 368 P.2d 669 (Okl.Cr.1962) that the principles of law applicable to rape apply to sodomy and our earlier pronouncement in *Martin, Id.* To the extent our previous holding in *Slaughterback v. State*, 594 P.2d 780 (Okl.Cr.1979) conflicts with our holding today, it is expressly overruled. Accordingly, we find that the trial court properly instructed the jury on the question of force in this case.

■ As his second proposition of error Appellant asserts the Information under which he was prosecuted is so vague that it neither apprised him of what he had to defend nor identified the offenses sufficiently to allow him to defend himself against any subsequent prosecution for the same offense. Specifically, Appellant objects to the dates of the alleged offenses. The first and second counts each allege an act of forcible anal sodomy on or about the 31st day of April through the 31st day of

August, 1987. The third and fourth counts each allege an act of forcible oral sodomy during the same period of time. An Information will be found sufficient if it does not mislead the defendant and does not expose the defendant to double jeopardy. *Lane v. State*, 742 P.2d 577 (Okl.Cr.1987). Appellant claims the instant Information exposes him to double jeopardy because he can not determine which act of forcible oral sodomy he was acquitted of and of which act he was convicted. In determining the sufficiency of the Information, this Court will be guided by practical rather than technical considerations. *Lane* at 579.

The victim in this case is a seven year old boy with an undeveloped sense of time. D.L. testified clearly regarding one act of forcible anal sodomy and one act of forcible oral sodomy in which Appellant sucked his penis. He also testified to one act in which Appellant tried, but failed, to put his penis in D.L.'s mouth. He could not testify when the acts occurred, except to say it was hot outside. He could not testify clearly regarding how many times the acts occurred. The treating physician, doctor Robert Kevin Moore testified that D.L. reported to him that the acts of forcible anal sodomy occurred more than once.

We appreciate the difficulty of the Appellant preparing his defense for a five month period. However, we find the prosecutor satisfied his duty to inform the accused within reasonable limits and as best known by the State, the time frame in which these acts were believed to have occurred. We do not find, in these circumstances, that this time span makes the Information constitutionally infirm. To hold otherwise would create undue risk to child victims who for legitimate reasons are unable to specify the date or dates on which they were molested. While we have not previously addressed this question, we find that those jurisdictions which have considered this issue under similar facts concur. *See e.g., State v. Stepney*, 191 Conn. 233, 464 A.2d 758 (1983), *cert. denied* 465 U.S. 1084, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984), *reh. denied* 466 U.S. 954, 104 S.Ct. 2163, 80 L.Ed.2d 547 (1984); *State v. Allen*, 622 S.W.2d 275 (Mo.App.1981); *Com. v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1980); *People v. Benjamin R.*, 103 A.D.2d 663, 481 N.Y.S.2d 827 (4 Dept.1984); *State v. Swallow*, 350 N.W.2d 606 (S.D.1984); *State v. Nunn*, 244 Kan. 207, 768 P.2d 268 (1989); *State v. Jones*, 539 So.2d 535 (Fla.App. 3 Dist.1989).

In considering the practicalities of this case, we find that the appellant is not exposed to double jeopardy. The double jeopardy clauses of both the federal and state constitutions protect Appellant from being tried a second time for the same acts which led to this conviction. Okla. Const., art. 2, § 21, U.S. Const. amend. V. Therefore, jeopardy has attached to all alleged sexual acts between Appellant and D.L. during the period of time specified in the Information. *See State v. Jones*, 539 So.2d 535 (Fla.App. 3 Dist.1989).

Under all the facts and circumstances of this case we find the Information both put Appellant on notice of the crimes which he had to defend and is sufficiently specific to preclude the risk to the Appellant of double jeopardy. The trial court did not err in overruling Appellant's demurrer to the Information.

■ As his third proposition of error, Appellant argues the trial court erred in allowing the State to present impeachment evidence in the guise of rebuttal. Specifically Appellant objects to two rebuttal witnesses who testified that the appellant spent the night in a shed "clubhouse" and played truth-or-dare with five neighborhood children. The losers had to perform sexually oriented dares, some of which were suggested by the appellant. Appellant argues that because D.L. was not present at this game of truth-or-dare the testimony of these witnesses was improper rebuttal of a collateral issue. We disagree.

When questioned on direct examination about the night in the shed, Appellant stated he was there, but they "just played cards and talked". (Tr. 385). Much of Appellant's testimony on direct examination focused on his minimal involvement with the neighborhood children. We note at the outset that the admission of rebuttal

evidence lies within the sound discretion of the trial court. *Crawford v. State*, 688 P.2d 357 (Okl.Cr.1984). In rebuttal the State may introduce evidence which explains, repels, counteracts or destroys evidence introduced by the defendant. *Id.* It is true that purely collateral issues are not within the proper scope of rebuttal, *See Brecheen v. State*, 732 P.2d 889 (Okl.Cr. 1987). However, we find that the testimony regarding involvement of the appellant in sex play with the neighborhood children was proper rebuttal of Appellant's earlier testimony denying this involvement. By taking the witness stand, Appellant put his credibility as a witness in issue. *Cummings v. State*, 578 P.2d 377 (Okl.Cr.1978). We find the trial court properly exercised its discretion in admitting this rebuttal testimony. Finding no error which requires modification or reversal, we **AFFIRM** the judgment and sentence of the trial court.

PARKS, P.J., concurs in part/dissents in part.

BRETT, LUMPKIN and JOHNSON, JJ., concur.

PARKS, Presiding Judge, concurring in part/dissenting in part:

In appellant's first assignment of error, he asserts that the trial court erred in instructing the jury that a child under the age of sixteen (16) cannot consent to either anal or oral sodomy. I agree. Appellant was charged with committing several acts of forcible sodomy under 21 O.S.Supp.1982, § 888. The trial court properly instructed the jury that "force" is an essential element of such crimes. However, it is my opinion that the element of force was negated by the inclusion of the aforementioned consent instructions.

The word "force", by its definition, necessarily encompasses a lack of consent. *See Black's Law Dictionary* 330 (5th ed. 1983) (Unlawful force defined as "[f]orce, including confinement, which is employed without the consent of the person against whom it is directed...."). Thus, by instructing the jury that a child under the age of sixteen (16) cannot consent to sod-

omy, the trial court effectively relieved the State from its burden of proving beyond a reasonable doubt that force was employed. This position is further substantiated by the remarks made by the prosecutor during closing argument. In emphasizing the instructions at issue, the prosecutor conceded that "although [the victim] didn't fight him every time, and didn't scream or throw fits, basically it appears he submitted to those acts. A child under the age of 16 cannot commit and cannot give consent to those activities." (Tr. 444–45)

I also cannot concur in overruling *Slaughterback v. State*, 594 P.2d 780 (Okl. Cr.1979). *Slaughterback* is inapplicable to the present case in that it addresses consent under 21 O.S.1981, §§ 886 and 887. The issue herein concerns the element of force as set forth in the forcible sodomy statute, § 888. Moreover, *Slaughterback* correctly states the law as it applies to §§ 886 and 887. The Oklahoma Legislature has never included a chronological age limitation for consent in any of the sodomy statutes and one should not be added by this Court.

> It is established law in Oklahoma that penal statutes are to be interpreted strictly against the State and liberally in favor of the accused, and words not found in the text of a criminal statute will not be read into it for the purpose of extending it or giving it an interpretation in conformity with a supposed policy.

*State v. Humphrey*, 620 P.2d 408, 409 (Okl. Cr.1980).

Accordingly, I would reverse appellant's convictions for forcible sodomy and remand those counts for a new trial. Finding no error which requires modification or reversal of appellant's conviction for Indecent or Lewd Acts with a Child Under the Age of Sixteen, I concur in the affirmance of the same.