PEREZ v. STATE
2023 OK CR 1
Case Number: F-2021-1060
Decided: 01/19/2023
FELIPE PEREZ, SR., Appellant v. STATE OF OKLAHOMA, Appellee
Cite as: 2023 OK CR 1, __ __

 

 

SUMMARY OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Felipe Perez, Sr., was convicted by a jury in the District Court of Kiowa County, Case No. CF-2021-04, of Lewd or Indecent Acts to a Child Under Sixteen, in violation of 21 O.S.Supp.2018, § 1123

I. IMPROPER ADMISSION OF PROPENSITY EVIDENCE THAT WAS MORE LURID AND SHOCKING THAN THE CHARGE ITSELF DEPRIVED APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL; and

II. THE TRIAL COURT ERRED BY ALLOWING THE STATE TO PRESENT PROPENSITY EVIDENCE IN REBUTTAL AFTER APPELLANT LIMITED HIS TESTIMONY ON DIRECT EXAMINATION SOLELY TO THE CHARGED OFFENSE.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that sentencing relief is warranted on Proposition II. For the reasons discussed below, the judgment of the district court is AFFIRMED but the sentence of twenty years imprisonment imposed in this case is REVERSED AND REMANDED FOR RESENTENCING.

¶3 Proposition I. We review the trial court's ruling admitting sexual propensity evidence for abuse of discretion. Vance v. State, 2022 OK CR 25519 P.3d 526Id., 2022 OK CR 25

¶4 The challenged evidence here met all of the factors required for admissibility under 12 O.S.2011, § 2414Horn v. State, 2009 OK CR 7204 P.3d 777Id., 2009 OK CR 7Horn instructs the trial court, when considering the dangers posed by the admission of propensity evidence, to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial." Id. In addition, the propensity evidence must be proven by clear and convincing evidence. Id.

¶5 In the present case, the testimony of R.P. and N.C. was probative and necessary to support the State's burden of proof. Appellant took the stand, flatly denied E.A.'s version of events and claimed that E.A., R.P. and N.C. were all lying and that their stories were made up. Testimony from R.P. and N.C. describing their lewd molestation by Appellant demonstrates his propensity to molest young, prepubescent female grandchildren in his family, in the setting of the family home, with other family members often nearby. This evidence was relevant to prove whether E.A. was molested by Appellant, her granduncle, as charged in the present case. The testimony of R.P. and N.C. tended to show that the victim in the present case was credible, thus refuting Appellant's claim at trial of innocence. There was no less prejudicial evidence the State could use to meet its burden in this regard. The State proved by clear and convincing evidence the existence of the prior similar instances of child molestation committed by Appellant.

¶6 There is no question this evidence was prejudicial to Appellant at trial. "The real question, however, is whether it is unfairly so." James v. State, 2009 OK CR 8204 P.3d 79312 O.S.2001, § 240312 O.S.2011, § 2403

¶7 Prior to R.P.'s and N.C.'s testimony, the trial court instructed the jury with OUJI-CR (2d) 9-10A, the uniform limiting instruction for sexual propensity evidence. Instruction No. 7 in the written jury charge repeated the previous, oral instructions for this evidence. The limiting instructions given reduced the possibility of a verdict based on impermissible grounds. Jurors are presumed to follow their instructions. Blueford v. Arkansas, 566 U.S. 599, 606 (2012); Williams v. State, 2021 OK CR 19496 P.3d 621

¶8 Proposition II. Appellant challenges the admission at trial of rebuttal testimony from his sister, M.S. Appellant complains the State should not have been allowed to present M.S.'s testimony because Appellant limited his testimony on direct examination to rebutting E.A.'s testimony and did not open the door to testimony concerning his sister. See Boyd v. State, 1987 OK CR 197743 P.2d 658

¶9 "By taking the witness stand, Appellant put his credibility as a witness in issue." Kimbro v. State, 1990 OK CR 4857 P.2d 798introduced by the defendant." Id. (emphasis added). In the present case, Appellant did not testify on direct examination that he never molested M.S. or, for that matter, even broach the topic during his testimony. Rather, the State introduced this matter during its cross-examination of Appellant. The prosecutor's effort to elicit from Appellant an admission on cross that he had molested M.S. was probative of Appellant's truthfulness and was permissible. However, the prosecutor was required to take Appellant's answer and was prohibited under the Evidence Code from introducing extrinsic evidence in rebuttal to contradict Appellant's testimony. 12 O.S.2011, § 2608Jones v. State, 1989 OK CR 66781 P.2d 326Nevaquaya v. State, 1980 OK CR 57614 P.2d 82

¶10 Although sexual propensity evidence is generally admissible under 12 O.S.2011, § 2414See Moon v. State, 1970 OK CR 136475 P.2d 410See Carter v. State, 1994 OK CR 49879 P.2d 1234

¶11 The admission of M.S.'s testimony was harmless with respect to Appellant's conviction. Because this error is the result of the failure to adhere to state law, "it is considered harmless unless the error had a substantial influence on the outcome of the case or leaves the Court in grave doubt as to whether it had such an effect." Duclos v. State, 2017 OK CR 8400 P.3d 781

¶12 We cannot be so certain, however, about the effect M.S.'s testimony had on the jury's sentencing verdict. The jury imposed the maximum sentence for Appellant's crime. M.S.'s testimony, which was presented last, was inflammatory in several respects, particularly her pleas that Appellant "needs help" and her request that the jury "get him some help because . . . he's not going to stop." The prosecutor also elicited irrelevant testimony from M.S. concerning Appellant's meanness, cruel physical treatment and bullying of his younger siblings. On balance, M.S.'s testimony was not brief and limited but instead was emotional. Under these circumstances, Appellant's twenty-year sentence must be reversed and remanded for resentencing. Sentencing relief only is granted for Proposition II.

DECISION

¶13 The judgment of the District Court is AFFIRMED. The sentence of twenty years imprisonment imposed in this case is REVERSED AND REMANDED FOR RESENTENCING. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF KIOWA COUNTY
THE HONORABLE CLARK E. HUEY
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 JIM HINES
 ATTORNEY AT LAW
 P.O. BOX 313
 MANGUM, OK 73554
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 CINDY DANNER
 OKLA. INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 WILLIAM BLEW
 ASST. DISTRICT ATTORNEY
 KIOWA COUNTY
 316 S. MAIN STREET
 HOBART, OK 73651
 COUNSEL FOR THE STATE
 
 
 JOHN M. O'CONNOR
 OKLA. ATTORNEY GENERAL
 JOSHUA H. COLE
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: SPECIALLY CONCUR 
LUMPKIN, J.: CONCUR 
LEWIS, J.: SPECIALLY CONCUR
MUSSEMAN, J.: CONCUR IN PART/DISSENT IN PART

 

FOOTNOTES

See Moon, 1970 OK CR 136

 

 

ROWLAND, PRESIDING JUDGE, SPECIALLY CONCURRING:

¶1 This case involves the intersection of the law of rebuttal evidence with those portions of the Oklahoma Evidence Code regarding the use of character evidence to impeach a witness. As a general rule, "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving action in conformity therewith on a particular occasion...." 12 O.S.2011, § 240412 O.S.2011, § 2404Kimbro v. State, 1990 OK CR 4857 P.2d 798

¶2 However, the method in which the prosecution is allowed to introduce such character evidence is limited by 12 O.S.2011, § 2405See Beck v. State, 1991 OK CR 126824 P.2d 385

¶3 The State argues that M.S.'s testimony was not character evidence at all, but rather, "was presented to challenge the defendant's credibility as a witness, and not to present character evidence under Section 2404." This argument proves too much. The Evidence Code, at 12 O.S.2011, § 2608

¶4 Nor does referring to M.S. as a rebuttal witness solve the problem; rebuttal evidence "may be offered to explain, repel, counteract, or destroy" evidence introduced by defendant. Schneider v. State, 1975 OK CR 144538 P.2d 1088

¶5 I agree with the majority that remanding this case for a resentencing is the proper course, as I am not left with any grave doubt about the verdict of guilt. The named victim in this case was Appellant's great niece, who testified he had sexually molested her. Two propensity witnesses, R.P. and N.C., both grandchildren of Appellant, testified he had sexually molested them when they were young. The fact that a fourth witness, M.S., was improperly allowed to testify does not convince me that had only three family members testified Appellant would have been acquitted.

¶6 I am authorized to state that Judge Lewis joins in this writing.

FOOTNOTES

 

 

MUSSEMAN, J. CONCUR IN PART/DISSENT IN PART:

¶1 While I concur in the majority's finding that M.S.'s testimony was inadmissible, I do not believe that the error was harmless as to Appellant's conviction. I agree with the majority that we must determine if the state law error was harmless, and to do so we ask if it "had a substantial influence on the outcome of the case or leaves [us] in grave doubt as to whether it had such an effect." Duclos v. State, 2017 OK CR 8400 P.3d 781

¶2 M.S., Appellant's younger sister by about one year, testified at length about Appellant being "very mean," "just bad," and a bully to her and the younger siblings. M.S. then revealed a secret she had never told anyone, that she intended to take to her grave, until she learned Appellant was accused of sexual acts with a child. This secret was the multiple sexual contacts between Appellant and M.S. when they were children, approximately sixty years ago. M.S. went into detail about what sexual acts Appellant would do to her and the efforts she would take to protect herself from him. M.S. testified that, in the instances she managed to stop Appellant, he moved on to his other little sisters, sexually assaulting them. M.S. even went further and accused Appellant of sexually assaulting a neighbor girl when the family first moved to Hobart, testifying that she did not see the sexual contact, but she imagined it was the same things Appellant did to her. M.S. then testified that

[Appellant] needs help. I plea, please help my brother. Get him some help because he's not -- he's not going to stop. If he did it to me, and I was willing to take it to the grave, but when he did it to these other little girls, it's not right. I [would] rather be embarrassed to death and tell the truth than to see him keep on doing this to kids.

Finally, M.S. testified that Appellant has a problem and that when she found out what Appellant was accused of, she could not live with herself knowing that if she did not say something, it might happen again.

¶3 The cumulative effect of this lengthy and detailed testimony, far outside the bounds of admissibility, changed the tenor of the trial to such a degree that it leaves me in grave doubt regarding the jury's decision to convict. As a result, I would reverse Appellant's conviction and remand the matter to the district court for a new trial.