OSCN Found Document:PEREZ v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 PEREZ v. STATE
2023 OK CR 1
525 P.3d 46
Case Number: F-2021-1060
Decided: 01/19/2023
FELIPE PEREZ, SR., Appellant v. STATE OF OKLAHOMA, Appellee

Cite as: 2023 OK CR 1, 525 P.3d 46

 

 

SUMMARY OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Felipe Perez, Sr., was convicted by a jury in the District Court of Kiowa County, Case No. CF-2021-04, of Lewd or Indecent Acts to a Child Under Sixteen, in violation of 21 O.S.Supp.2018, § 1123. The jury sentenced Perez to twenty years imprisonment. The Honorable Clark E. Huey, Associate District Judge, presided at trial and pronounced judgment and sentence in accordance with the jury's verdict. Perez now appeals and alleges the following propositions of error:

I. IMPROPER ADMISSION OF PROPENSITY EVIDENCE THAT WAS MORE LURID AND SHOCKING THAN THE CHARGE ITSELF DEPRIVED APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL; and

II. THE TRIAL COURT ERRED BY ALLOWING THE STATE TO PRESENT PROPENSITY EVIDENCE IN REBUTTAL AFTER APPELLANT LIMITED HIS TESTIMONY ON DIRECT EXAMINATION SOLELY TO THE CHARGED OFFENSE.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that sentencing relief is warranted on Proposition II. For the reasons discussed below, the judgment of the district court is AFFIRMED but the sentence of twenty years imprisonment imposed in this case is REVERSED AND REMANDED FOR RESENTENCING.

¶3 Proposition I. We review the trial court's ruling admitting sexual propensity evidence for abuse of discretion. Vance v. State, 2022 OK CR 25, ¶ 4, 519 P.3d 526, 529. "An abuse of discretion is a clearly erroneous conclusion and judgment, contrary to the logic and effect of the facts presented." Id., 2022 OK CR 25, ¶ 5.

¶4 The challenged evidence here met all of the factors required for admissibility under 12 O.S.2011, § 2414. In Horn v. State, 2009 OK CR 7, ¶ 40, 204 P.3d 777, 786, we required the trial court to consider the following factors when considering the admission of sexual propensity evidence: "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." Id., 2009 OK CR 7, ¶ 40, 204 P.3d at 786. Horn instructs the trial court, when considering the dangers posed by the admission of propensity evidence, to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial." Id. In addition, the propensity evidence must be proven by clear and convincing evidence. Id.

¶5 In the present case, the testimony of R.P. and N.C. was probative and necessary to support the State's burden of proof. Appellant took the stand, flatly denied E.A.'s version of events and claimed that E.A., R.P. and N.C. were all lying and that their stories were made up. Testimony from R.P. and N.C. describing their lewd molestation by Appellant demonstrates his propensity to molest young, prepubescent female grandchildren in his family, in the setting of the family home, with other family members often nearby. This evidence was relevant to prove whether E.A. was molested by Appellant, her granduncle, as charged in the present case. The testimony of R.P. and N.C. tended to show that the victim in the present case was credible, thus refuting Appellant's claim at trial of innocence. There was no less prejudicial evidence the State could use to meet its burden in this regard. The State proved by clear and convincing evidence the existence of the prior similar instances of child molestation committed by Appellant.

¶6 There is no question this evidence was prejudicial to Appellant at trial. "The real question, however, is whether it is unfairly so." James v. State, 2009 OK CR 8, ¶ 10, 204 P.3d 793, 797 (citing 12 O.S.2001, § 2403). The probative value of this evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. 12 O.S.2011, § 2403. This is simply not a case where the sexual propensity evidence had the potential to contribute to an improperly based jury verdict. The sexual propensity evidence provided critical insight into Appellant's motive and capacity to commit these crimes as well as the similar modus operandi he used over the years to victimize the young, prepubescent grandchildren in his family. It is true, as Appellant points out, that R.P. and N.C. were molested years before the victim in the present case. This fact, however, does not preclude admission considering the similarities described in the testimony of all three girls.

¶7 Prior to R.P.'s and N.C.'s testimony, the trial court instructed the jury with OUJI-CR (2d) 9-10A, the uniform limiting instruction for sexual propensity evidence. Instruction No. 7 in the written jury charge repeated the previous, oral instructions for this evidence. The limiting instructions given reduced the possibility of a verdict based on impermissible grounds. Jurors are presumed to follow their instructions. Blueford v. Arkansas, 566 U.S. 599, 606 (2012); Williams v. State, 2021 OK CR 19, ¶ 7, 496 P.3d 621, 624. All things considered, the trial court did not abuse its discretion by admitting the testimony from R.P. and N.C. Nor was Appellant deprived of a fundamentally fair trial in violation of due process by this testimony. Proposition I is denied.

¶8 Proposition II. Appellant challenges the admission at trial of rebuttal testimony from his sister, M.S. Appellant complains the State should not have been allowed to present M.S.'s testimony because Appellant limited his testimony on direct examination to rebutting E.A.'s testimony and did not open the door to testimony concerning his sister. See Boyd v. State, 1987 OK CR 197, ¶ 14, 743 P.2d 658, 661 ("Any matter is a proper subject of cross-examination which is responsive to testimony given on direct examination and which tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness.").

¶9 "By taking the witness stand, Appellant put his credibility as a witness in issue." Kimbro v. State, 1990 OK CR 4, ¶ 11, 857 P.2d 798, 801. "In rebuttal the State may introduce evidence which explains, repels, counteracts or destroys evidence introduced by the defendant." Id. (emphasis added). In the present case, Appellant did not testify on direct examination that he never molested M.S. or, for that matter, even broach the topic during his testimony. Rather, the State introduced this matter during its cross-examination of Appellant. The prosecutor's effort to elicit from Appellant an admission on cross that he had molested M.S. was probative of Appellant's truthfulness and was permissible. However, the prosecutor was required to take Appellant's answer and was prohibited under the Evidence Code from introducing extrinsic evidence in rebuttal to contradict Appellant's testimony. 12 O.S.2011, § 2608(B) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in Section 2609 of this title, may not be proved by extrinsic evidence."); Jones v. State, 1989 OK CR 66, ¶¶ 19-20, 781 P.2d 326, 330; Nevaquaya v. State, 1980 OK CR 57, ¶ 4, 614 P.2d 82, 83.

¶10 Although sexual propensity evidence is generally admissible under 12 O.S.2011, § 2414, the trial court disallowed M.S.'s testimony in the State's case-in-chief because the prosecutor did not satisfy the requirement under § 2414(B) that the testimony be disclosed at least fifteen days before the trial date.[1] Basically, the State was trying to get in through the back door on rebuttal what was previously ruled inadmissible in its case in chief. Because M.S.'s testimony was inadmissible, Appellant was impermissibly impeached with testimony on a collateral matter. See Moon v. State, 1970 OK CR 136, ¶ 6, 475 P.2d 410, 412.[2] The District Court thus abused its discretion in admitting M.S.'s rebuttal testimony. See Carter v. State, 1994 OK CR 49, ¶ 32, 879 P.2d 1234, 1247 (reviewing the admission of rebuttal evidence for abuse of discretion).

¶11 The admission of M.S.'s testimony was harmless with respect to Appellant's conviction. Because this error is the result of the failure to adhere to state law, "it is considered harmless unless the error had a substantial influence on the outcome of the case or leaves the Court in grave doubt as to whether it had such an effect." Duclos v. State, 2017 OK CR 8, ¶ 16, 400 P.3d 781, 785. The State presented a strong case for guilt based on the properly admitted evidence showing that Appellant molested E.A. This evidence included testimony from two other sexual propensity witnesses who were similar in age to E.A. and who related incidents that occurred much closer in time to the charged crimes than the molestations described by M.S. The erroneous admission of rebuttal testimony here did not have a substantial influence on the outcome of the jury's guilt-innocence determination, or otherwise leave this Court in grave doubt as to whether it had such an effect.

¶12 We cannot be so certain, however, about the effect M.S.'s testimony had on the jury's sentencing verdict. The jury imposed the maximum sentence for Appellant's crime. M.S.'s testimony, which was presented last, was inflammatory in several respects, particularly her pleas that Appellant "needs help" and her request that the jury "get him some help because . . . he's not going to stop." The prosecutor also elicited irrelevant testimony from M.S. concerning Appellant's meanness, cruel physical treatment and bullying of his younger siblings. On balance, M.S.'s testimony was not brief and limited but instead was emotional. Under these circumstances, Appellant's twenty-year sentence must be reversed and remanded for resentencing. Sentencing relief only is granted for Proposition II.

DECISION

¶13 The judgment of the District Court is AFFIRMED. The sentence of twenty years imprisonment imposed in this case is REVERSED AND REMANDED FOR RESENTENCING. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF KIOWA COUNTY
THE HONORABLE CLARK E. HUEY
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 JIM HINES
 ATTORNEY AT LAW
 P.O. BOX 313
 MANGUM, OK 73554
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 CINDY DANNER
 OKLA. INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 WILLIAM BLEW
 ASST. DISTRICT ATTORNEY
 KIOWA COUNTY
 316 S. MAIN STREET
 HOBART, OK 73651
 COUNSEL FOR THE STATE
 
 
 JOHN M. O'CONNOR
 OKLA. ATTORNEY GENERAL
 JOSHUA H. COLE
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: SPECIALLY CONCUR 
LUMPKIN, J.: CONCUR 
LEWIS, J.: SPECIALLY CONCUR
MUSSEMAN, J.: CONCUR IN PART/DISSENT IN PART

 

FOOTNOTES

[1] There are also serious questions surrounding the admissibility of this evidence based on the lengthy time period (at least sixty years) since the events described in M.S.'s testimony occurred.

[2] See Moon, 1970 OK CR 136, ¶ 6, 475 P.2d at 412 ("Whether the matter inquired of on cross-examination of the defendant and proved by the state in attempting to impeach him was collateral to the issue or not must be determined by this query: Would the prosecuting attorney have been permitted to introduce it in evidence as a part of the state's case? If he would not, it was collateral. If it was collateral, it was not competent to contradict it.") (internal quotation omitted).

 

 

ROWLAND, PRESIDING JUDGE, SPECIALLY CONCURRING:

¶1 This case involves the intersection of the law of rebuttal evidence with those portions of the Oklahoma Evidence Code regarding the use of character evidence to impeach a witness. As a general rule, "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving action in conformity therewith on a particular occasion...." 12 O.S.2011, § 2404(A). One exception to this rule is that a criminally accused may offer evidence of his or her own pertinent character trait. 12 O.S.2011, § 2404(A)(1). When an accused chooses to testify in his own defense, he places his character for truthfulness at issue and the prosecution is then permitted to introduce evidence to rebut the defendant's evidence of good character. Kimbro v. State, 1990 OK CR 4, ¶ 11, 857 P.2d 798, 800-01.

¶2 However, the method in which the prosecution is allowed to introduce such character evidence is limited by 12 O.S.2011, § 2405(A), which provides that, "[w]here evidence of a person's character or trait of character is admissible, proof may be by testimony as to reputation or by testimony in the form of opinion. Inquiry is allowable on cross-examination into relevant specific instances of conduct." Thus, while the prosecution could have presented opinion or reputation evidence of Appellant's bad character for truthfulness, it was prohibited from introducing extrinsic evidence of specific acts to impeach Appellant's credibility, namely the testimony of M.S. Had this evidence been introduced to show Appellant's bias or prejudice, rather than his character for truthfulness, this restriction on the use of extrinsic evidence would not apply. See Beck v. State, 1991 OK CR 126, ¶ 10, 824 P.2d 385, 388 ("It should be noted, however, that this prohibition of the use of extrinsic evidence is restricted to the opinion or reputation evidence of truthfulness or untruthfulness.").

¶3 The State argues that M.S.'s testimony was not character evidence at all, but rather, "was presented to challenge the defendant's credibility as a witness, and not to present character evidence under Section 2404." This argument proves too much. The Evidence Code, at 12 O.S.2011, § 2608, begins, "[t]he credibility of a witness may be attacked or supported by..." and it then provides the restrictions outlined above for introducing such impeachment evidence. It is Section 2608 and its restrictions on using extrinsic evidence which govern M.S.'s testimony because it was offered to attack the credibility of a witness, the Appellant.

¶4 Nor does referring to M.S. as a rebuttal witness solve the problem; rebuttal evidence "may be offered to explain, repel, counteract, or destroy" evidence introduced by defendant. Schneider v. State, 1975 OK CR 144, ¶ 23, 538 P.2d 1088, 1095. The prosecutor's stated reasons for calling M.S. were to counteract Appellant's veracity and credibility as a witness, which is simply another way of saying it was to impeach Appellant's character for truthfulness on the stand. In this context, Appellant's alleged molestation of M.S. sixty years earlier was a collateral issue; the inquiry during cross examination was made not to prove he had molested M.S. but to prove he was not being truthful when he denied doing so.[1]

¶5 I agree with the majority that remanding this case for a resentencing is the proper course, as I am not left with any grave doubt about the verdict of guilt. The named victim in this case was Appellant's great niece, who testified he had sexually molested her. Two propensity witnesses, R.P. and N.C., both grandchildren of Appellant, testified he had sexually molested them when they were young. The fact that a fourth witness, M.S., was improperly allowed to testify does not convince me that had only three family members testified Appellant would have been acquitted.

¶6 I am authorized to state that Judge Lewis joins in this writing.

FOOTNOTES

[1] The State could only substantively prove this other crime, the molestation of M.S. when she was young, if it is relevant and admissible as other crimes evidence under Section 2404(B), or as propensity evidence under Sections 2413 and 2414. The State did not seek to admit her testimony under any of these provisions.

 

 

MUSSEMAN, J. CONCUR IN PART/DISSENT IN PART:

¶1 While I concur in the majority's finding that M.S.'s testimony was inadmissible, I do not believe that the error was harmless as to Appellant's conviction. I agree with the majority that we must determine if the state law error was harmless, and to do so we ask if it "had a substantial influence on the outcome of the case or leaves [us] in grave doubt as to whether it had such an effect." Duclos v. State, 2017 OK CR 8, ¶ 16, 400 P.3d 781, 785. Ultimately, when I review M.S.'s testimony presented in rebuttal in light of the trial as a whole, I am left in grave doubt regarding the jury's decision to convict.

¶2 M.S., Appellant's younger sister by about one year, testified at length about Appellant being "very mean," "just bad," and a bully to her and the younger siblings. M.S. then revealed a secret she had never told anyone, that she intended to take to her grave, until she learned Appellant was accused of sexual acts with a child. This secret was the multiple sexual contacts between Appellant and M.S. when they were children, approximately sixty years ago. M.S. went into detail about what sexual acts Appellant would do to her and the efforts she would take to protect herself from him. M.S. testified that, in the instances she managed to stop Appellant, he moved on to his other little sisters, sexually assaulting them. M.S. even went further and accused Appellant of sexually assaulting a neighbor girl when the family first moved to Hobart, testifying that she did not see the sexual contact, but she imagined it was the same things Appellant did to her. M.S. then testified that

[Appellant] needs help. I plea, please help my brother. Get him some help because he's not -- he's not going to stop. If he did it to me, and I was willing to take it to the grave, but when he did it to these other little girls, it's not right. I [would] rather be embarrassed to death and tell the truth than to see him keep on doing this to kids.

Finally, M.S. testified that Appellant has a problem and that when she found out what Appellant was accused of, she could not live with herself knowing that if she did not say something, it might happen again.

¶3 The cumulative effect of this lengthy and detailed testimony, far outside the bounds of admissibility, changed the tenor of the trial to such a degree that it leaves me in grave doubt regarding the jury's decision to convict. As a result, I would reverse Appellant's conviction and remand the matter to the district court for a new trial.

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1989 OK CR 66, 781 P.2d 326, 
JONES v. STATE
Discussed

 
1990 OK CR 4, 857 P.2d 798, 
KIMBRO v. STATE
Discussed at Length

 
1991 OK CR 126, 824 P.2d 385, 
BECK v. STATE
Discussed

 
1994 OK CR 49, 879 P.2d 1234, 
CARTER v. STATE
Discussed

 
2009 OK CR 8, 204 P.3d 793, 
JAMES v. STATE
Discussed

 
2009 OK CR 7, 204 P.3d 777, 
HORN v. STATE
Discussed at Length

 
2017 OK CR 8, 400 P.3d 781, 
DUCLOS v. STATE
Discussed at Length

 
2021 OK CR 19, 496 P.3d 621, 
WILLIAMS v. STATE
Discussed

 
2022 OK CR 25, 519 P.3d 526, 
VANCE v. STATE
Discussed at Length

 
1975 OK CR 144, 538 P.2d 1088, 
SCHNEIDER v. STATE
Discussed

 
1980 OK CR 57, 614 P.2d 82, 
NEVAQUAYA v. STATE
Discussed

 
1970 OK CR 136, 475 P.2d 410, 
MOON v. STATE
Discussed at Length

 
1987 OK CR 197, 743 P.2d 658, 
BOYD v. STATE
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2414, 
Evidence of Commission of Other Child Molestation Offense - Admissibility - Disclosures by Prosecutor
Discussed

 
12 O.S. 2403, 
Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Discussed

 
12 O.S. 2404, 
Character Evidence Not Admissible to Prove Conduct - Exceptions - Other Crimes
Discussed

 
12 O.S. 2405, 
Methods of Proving Character
Cited

 
12 O.S. 2608, 
Evidence of Character and Conduct of Witness
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 1123, 
Lewd or Indecent Proposals or Acts to Child Under 16
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA